IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELO FOTI, | ) | CASE NO. 1:05 CV 1019 |
| | ) | |
| Petitioner, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| DAVID BOBBY, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

## I.  Introduction

Before the Magistrate Judge by referral[1] is the pro se petition of Angelo Foti for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2]  Foti is now incarcerated at the Trumbull Correctional Institution serving a 16-year sentence imposed by the Lake County, Ohio Common Pleas Court after being convicted at a jury trial of two counts of corrupting another with drugs and two counts of receiving stolen property.[3]

In his petition, Foti raises four grounds for relief.  First, he asserts that as a citizen of Italy he was denied his right under an international treaty to be assisted by Italian representatives during his criminal proceedings and to be informed of this right by the state.[4] Next, he contends that he was unconstitutionally sentenced because, contrary to the

---

[1] ECF # 8.

[2] ECF # 1.

[3] *Id.* at 2.

[4] *Id.* at 5a.

subsequently decided case of *Blakely v. Washington*,[5] the trial court relied in determining the sentence on facts not found by the jury or admitted by him.[6] In addition, he claims he received ineffective assistance of counsel both on direct appeal and during his Rule 26(B) application for reopening his appeal.[7]

For the specific reasons given below, the Magistrate Judge recommends that the entire petition be dismissed.

## II. Facts

Foti admits that he never attempted to perfect a timely direct appeal of his convictions to the Ohio Supreme Court.[8] In addition, two of the grounds raised here were first asserted in an unsuccessful application to re-open the direct appeal which was denied consideration as being untimely and without excuse for the untimeliness. The state, accordingly, contends that this entire petition should be dismissed as unexhausted and makes no other arguments as to the asserted claims.[9]

In response, Foti proffers two reasons why his claims should be deemed exhausted, despite not appealing to the Ohio Supreme Court on direct appeal. First, as to the ground for relief based on an asserted violation of a treaty, he asserts that because courts have

---

[5] *Blakely v. Washington*, 542 U.S. 296, 303 (2004).

[6] ECF # 1 at 5a-b.

[7] *Id*. at 5b-6c.

[8] *Id*. at 3.

[9] ECF # 12 at 10-12.

found that only signatory governments, not individual persons, have enforceable rights under that treaty, he lacks an available state remedy and so satisfies the exhaustion requirement.[10] Moreover, he argues that he exhausted the remaining grounds before the state courts by raising them in that unsuccessful and untimely attempt to reopen his appeal pursuant to Ohio Appellate Rule 26(B), which denial was then appealed to the Ohio Supreme Court.[11]

The state, as noted, contends that, at best, this is a "mixed petition" containing the unexhausted claim arising from the asserted treaty violation that was never presented to the Ohio Supreme Court.[12] Thus, even assuming that Foti satisfied the exhaustion requirement as to his remaining claims by making them part of his rejected untimely 26(B) proceeding,[13] this petition remains mixed, according to the state's reasoning, and should, therefore, be dismissed.

For the reasons delineated below, the Magistrate Judge recommends analyzing each claim individually and then dismissing each according to the specific rationale applicable to it.

---

[10] ECF # 13 at 2-3. Alternatively, he seeks a stay and abeyance of his petition while he returns to state court with this claim.

[11] *Id.*

[12] ECF # 12 at 10-12.

[13] The state appeals court rejected the application because Foti was untimely and did not show good cause for the delay. *See*, ECF # 12, Ex. 21.

### III.  Analysis

**A.     Ground three – ineffective assistance of counsel during the Ohio App. Rule 26(B) proceeding – should be dismissed as not stating a cognizable claim for habeas relief.**

The Magistrate Judge initially observes that Foti's third ground for relief – ineffective assistance of counsel during his post-conviction Rule 26(B) proceeding – does not provide any basis for granting the writ.  As the Sixth Circuit has stated, there is no federal constitutional right to counsel in Rule 26(B) proceedings in Ohio, since such proceedings are post-conviction in nature and not part of the direct appeal process.[14]

Thus, with no federal constitutional right to counsel involved, there is no basis for federal habeas relief in a claim of ineffective assistance of counsel in a post-conviction proceeding.[15]  Therefore, the Magistrate Judge recommends dismissal of the third ground for relief as it does not state a cognizable claim for habeas relief.

**B.     Ground one – violation of right to assistance of diplomatic consular officials upon arrest – does not state a cognizable ground for habeas relief and should be dismissed.**

Concerning Foti's first ground for relief, the Magistrate Judge notes that the Sixth Circuit has re-affirmed its holding that the Vienna Convention on Consular Relations confers rights which may only be enforced by signatory governments to the treaty, not by

---

[14] *Lopez v. Wilson*, 426 F.3d 339, 341 (6th Cir. 2005) (en banc).  Foti explicitly based this claim on *White v. Schotten*, 201 F.3d 743, 752 (6th Cir. 2000), which, in this respect, was overturned by *Lopez*.  *See*, ECF #13 (traverse) at 5.

[15] *Ritchie v. Eberhart*, 11 F.3d 587, 591-92 (6th Cir. 1993).

individuals.[16] It must be emphasized that although there is a conflict among the circuits as to whether rights created by this treaty can be enforced by individuals in a federal court,[17] and the United States Supreme Court has not directly spoken to this issue,[18] the Sixth Circuit, in full recognition of these circumstances, has recently explicitly stated that its decision in *Emuegbunam* – that the Vienna Convention does not create any individual rights subject to enforcement in federal court – "remains the controlling law of this Court."[19]

Accordingly, the Magistrate Judge recommends finding that Foti's claim based on a purported violation of the Vienna Convention is also non-cognizable in a federal habeas proceeding. As such, the state's contention that this argument is unexhausted, thus rendering the entire petition liable to dismissal, is based on an incorrect premise and so incapable of effectuating such a dismissal. The Magistrate Judge, therefore, recommends that Foti's first ground for relief instead also be dismissed as non-cognizable.

---

[16] *United States v. Garcia-Perez*, 190 F. App'x 461, 465-66 (6th Cir. 2006) (citing *United States v. Emuegbunam*, 268 F.3d 377, 394 (6th Cir. 2001).

[17] *Jogi v. Voges*, 425 F.3d 367, 380 (7th Cir. 2005) (collecting cases).

[18] *See*, *Breard v. Greene*, 523 U.S. 371, 376 (1998) (per curiam) noting that although Article 36 of the Vienna Convention "arguably confers on an individual the right to consular assistance following arrest," Breard had procedurally defaulted on any possible habeas claim based on that treaty because he had not raised the issue in state court. *See also*, *Sanchez-Llamas v. Oregon*, __ U.S. __, 126 S.Ct. 2669, 2677-79 (2006) holding that, even assuming that the Vienna Convention created enforceable individual rights, suppression of evidence through the exclusionary rule was not an appropriate remedy for failure of arresting authorities to notify consular office of alien's arrest. *See also*, *Medellin v. Dretke*, 544 U.S. 660 (2005) dismissing a writ of certiorari as improvidently granted in a matter raising the issue of individually enforceable rights under the Vienna Convention.

[19] *Garcia-Perez*, 190 F. App'x at 466.

**C.	The remaining grounds appear to be procedurally defaulted.**

Foti's remaining two grounds for relief – that he was impermissibly sentenced on facts not found by the jury or admitted by him in violation of the subsequently decided case of *Blakely* and that he received ineffective assistance of appellate counsel – were initially raised in the unsuccessful untimely attempt to re-open his appeal pursuant to Ohio Appellate Rule 26(B). Since the state appeals court found that Foti had not provided good cause for his untimeliness, it denied the application to re-open as untimely and so did not reach the merits of these claims. As such, they appear to be procedurally defaulted.

However, the state has not asserted procedural default; instead, electing to frame its entire response on the single incorrect premise that Foti's claim of an asserted violation of the Vienna Convention was a valid, but unexhausted, ground for relief.[20] When confronted with procedural default not pled by the state, a federal habeas court may, in its discretion, elect *sua sponte* to consider the procedurally defaulted claims on the merits[21] or, alternatively, consider dismissal of the petition, generally after affording the petitioner an opportunity to respond.[22]

---

[20] ECF #12 at 10-12.

[21] *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005).

[22] *Id.,* citing *Lorraine v. Coyle*, 291 F.3d 416, 426 (6th Cir. 2002).

**D.    Ground two – attempting to retroactively apply *Blakely* – does not state a cognizable claim for habeas relief and so should be dismissed.**

Here, the Magistrate Judge initially suggests that Foti's attempt to make *Blakely* retroactive to his case would not be sustainable even if not barred by procedural default. As recently noted in a decision originating in the Southern District of Ohio that dismissed a habeas petition raised pursuant to 28 U.S.C. § 2254, "*Blakely* is not retroactively applicable to cases on collateral review."[23] Thus, similar to the circumstance presented with the alleged violation of the Vienna Convention, the foundational analysis here is that Foti has not stated a cognizable claim for federal habeas relief by seeking a retroactive application of *Blakely* and not that this claim has been procedurally defaulted. The Magistrate Judge, accordingly, recommends dismissing this claim.

**E.    Ground four – ineffective assistance of appellate counsel – is procedurally defaulted and, though not pled by the state, should here be the basis for dismissing this claim *sua sponte*.**

As concerns the final remaining issue – the alleged ineffectiveness of appellate counsel – the Magistrate Judge observes that the claim rests on purported facts beyond the

---

[23] *Browning v. State of Ohio, Warden*, No. 2:06-cv-0005, 2006 WL 2583381, at *5 (S.D. Ohio Sept. 7, 2006), citing *Humphress v. United States*, 398 F.3d 855, 863 (6th Cir. 2005). *See also, Shafer v. Wilson*, No. 1:06-cv-648, 2007 WL 315760, at *11 (N.D. Ohio Jan. 30, 2007) (Gwin, J.), noting (1) that because Ohio has, since *Blakely*, revised its sentencing procedure to make its guidelines "advisory" and permitting sentencing judges to impose any sentence within the statutory range without the need for specific findings and (2) because the United States Supreme Court has held that *Blakely* violations are not "structural errors" requiring automatic reversal, (3) there is no reason to believe, even with a *Blakely* violation in the original state sentence, that the petitioner would receive a more favorable sentence if the writ were granted and so (4) the petition would be denied.

present record.  While the state appeals court did address some allegations of ineffective assistance of appellate counsel insofar as they went to the issue of establishing cause for the delay in filing the Rule 26(B) application,[24] it did not analyze claims against Foti's appellate counsel for actions taken on direct appeal according to any articulated state or federal standard for determining ineffective assistance of counsel.

Thus, the record here contains no findings of fact by the state court by which this Court could independently analyze the elements of Foti's claim resting on alleged facts of ineffective assistance not otherwise established or provable in the record.

Accordingly, despite the option afforded to federal habeas courts of reaching the merits of procedurally defaulted claims where the state has not asserted the defense of procedural default, the Magistrate Judge recommends finding that the current record will not permit adjudication of the claim of ineffective assistance of appellate counsel.

However, the record seems clear that Foti has procedurally defaulted this claim. According to the oft-cited four-part test first delineated by the Sixth Circuit in *Maupin v. Smith*,[25] a claim is procedurally defaulted when (1) there is a firmly established and regularly followed state procedural rule applicable to the petitioner's claim, (2) the petitioner failed to comply with the rule, (3) the rule was actually enforced in the petitioner's case, and (4) the

---

[24] ECF # 12, Ex. 21 at 2-4.  Again, the court denied the application to re-open, finding it untimely and Foti without excuse for his untimeliness.

[25] *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

rule is an adequate and independent state law ground on which the state can rely to foreclose federal review of a constitutional claim.

Here, in connection with the first *Maupin* factor, the state rule applicable to Foti's claim is Ohio Appellate Rule 26(B) which is the appropriate mechanism in Ohio to permit state review of claims alleging ineffective assistance of appellate counsel.[26] This rule has been held, in non-capital cases, to be firmly established and regularly followed in Ohio.[27] The rule requires that application for re-opening of the appeal be presented within 90 days of journalization of the appellate judgment affirming the applicant's conviction and sentence or, if untimely filed, that good cause be shown for the untimeliness.[28] As found by the state court, Foti did not comply with either aspect of this rule – the second *Maupin* factor. As to the third factor, the state court found that it was barred from considering the merits of his application to re-open because of this failure to be timely or establish good cause for untimeliness.[29] Finally, the Sixth Circuit has held that Ohio Appellate Rule 26(B) is an adequate and independent state law ground.[30]

---

[26] *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

[27] *Monzo v. Edwards,* 281 F.3d 568, 577-79 (6th Cir. 2002).

[28] Ohio App. R. 26(B)(1), (2).

[29] To the extent that the ineffective assistance arguments considered by the state court as excuse for delay were coexistent with the underlying claim of ineffective assistance of appellate counsel, the procedural ground will be deemed to have been invoked as the basis for the state court's decision. *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004).

[30] *Monzo*, 281 F.3d at 578.

After having shown that a claim is procedurally defaulted, a petitioner may yet obtain review of the merits by establishing both cause for the default and prejudice from lack of consideration of his claim.[31]  However, because, as noted, there is no right to counsel in post-conviction proceedings, a petitioner cannot establish cause for a procedural default by citing ineffective assistance of counsel in a post-conviction proceeding.[32]  As also noted, an application for re-opening an appeal pursuant to Ohio Appellate Rule 26(B) is a post-conviction proceeding.[33]

As noted, *sua sponte* dismissals for procedural default are not favored so as to allow the petitioner an opportunity to argue cause and prejudice concerning his default.[34]  However, where, as here, the purported cause for the failure to comply with the state rule is already in the record, "that concern is not present."[35]  Thus, "in the interest of 'comity, federalism and judicial efficiency,'"[36] and pursuant to the applicable standard, the Magistrate Judge recommends that Foti's fourth ground for relief be dismissed *sua sponte* as procedurally defaulted.

---

[31] *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004).

[32] *Ritchie*, 11 F.3d at 591-92.

[33] *Lopez*, 426 F.3d at 341.

[34] *Lorraine*, 391 F.3d at 426.

[35] *Howard*, 405 F.3d at 476.  Finding *sua sponte* dismissal proper where the record contained a full treatment of the issues involved.

[36] *Id.* at 477, citing *Scott v. Collins*, 286 F.3d 923, 930 (6th Cir. 2002) (quoting *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998)).

## IV. Conclusion

For the foregoing reasons, the Magistrate Judge recommends that Foti's entire petition for habeas relief be dismissed.

Dated:  March 16, 2007                           s/ William H. Baughman, Jr.
                                                  United States Magistrate Judge

### Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[37]

---

[37] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).